(Official Form 1) (9/97) Specialty Software, Royal Oak, MI

| FORM B1 | United States Bankruptcy Court <br> __NORTHERN__ District of __ILLINOIS__ | Voluntary Petition |
|---|---|---|

| Name of Debtor (If Individual, enter Last, First, Middle): <br> *Granderson, Karen L.* | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years <br> (include married, maiden, and trade names): <br> *NONE* | All Other Names used by the Joint Debtor in the last 6 years <br> (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all): <br> *xxx-xx-1491* | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): <br> *10502 Lake Shore Dr* <br> *Lynwood IL. 60411* <br><br> *Phone: 708-418-3397* | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the <br> Principal Place of Business: <br> *Cook* | County of Residence or of the <br> Principal Place of Business: |
| Mailing Address of Debtor (If different from street address): <br> *SAME* | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor <br> (If different from street address above): *NOT APPLICABLE* | |

*Chapter 13W/No Plan*

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition Is Filed** (Check one box) |
|---|---|---|
| [X] Individual(s) <br> [ ] Corporation <br> [ ] Partnership <br> [ ] Other _____ | [ ] Railroad <br> [ ] Stockbroker <br> [ ] Commodity Broker | [ ] Chapter 7  [ ] Chapter 11  [X] Chapter 13 <br> [ ] Chapter 9  [ ] Chapter 12 <br> [ ] Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| [X] Consumer/Non-Business   [ ] Business | [X] Full Filing Fee attached. |

**Chapter 11 Small Business** (Check all boxes that apply)

[ ] Debtor is a small business as defined in 11 U.S.C. § 101

[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

[ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)

[ ] Debtor estimates that funds will be available for distribution to unsecu...

[X] Debtor estimates that, after any exempt property is excluded and adr... paid, there will be no funds available for distribution to unsecured cre...

```
U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 03/17/2004
Time: 9:44:36
Debtor: KAREN L GRANDERSON
Case: 04-10473      Fee : 194
Chapter: 13 Rec. # : 3069016
Judge: John Squires
341 mtg: 04/12/2004 @ 02:30PM
ConfHrg: 05/05/2004 @ 10:30AM
Trustee: MARILYN MARSHALL
```

1:04BK10473-BK001

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 |
|---|---|---|---|---|
| | [ ] | [X] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million |
|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | |
|---|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1) (9/97) Specialty Software, Royal Oak, MI

## Voluntary Petition
(This page must be completed and filed in every case)

Name of Debtor(s):                                              FORM B1, Page 2

Karen L. Granderson

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |
| District: | Relationship: | Judge: |

### Signatures

**Signature(s) of Debtor(s) (Individual / Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Karen L. Granderson*
Signature of Debtor *Karen L. Granderson*

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

Date *3/13/04*

**Signature of Debtor (Corporation/ Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

*Richard S. Bass*   6189009
Printed Name of Attorney for Debtor(s)

*Richard S. Bass*
Firm Name

*2021 Midwest Rd.*
Address

*Oak Brook, IL. 60521*

*630-953-8655*   *3/13/04*
Telephone Number   Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 United States Code, and have explained the relief available under each such chapter.

X _____
Attorney

*3/13/04*
Date

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT of ILLINOIS
# EASTERN DIVISION

In re *Karen L. Granderson*

Case No.

Chapter   *13*

_____ / Debtor

Attorney for Debtor: *Richard S. Bass*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$  *2,000.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . . . . $  *150.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$  *1,850.00*

3. *$ 194.00*  of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated: 3/13/04

Respectfully submitted,

Attorney for Petitioner: *Richard S. Bass*
*2021 Midwest Rd.*
*Oak Brook, IL. 60521*

FORM B6A (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor    Case No. _____
                                                                              (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H,""W,""J," or "C"in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 19502 Lake Shore Dr Lynwood IL | Debtor residence | | $ 80,000 | $ 72,422 |
| | | | | |

|  | | **TOTAL $** (Report also on Summary of Schedules.) | 80,000 | |

<u>NO</u>   continuation sheets attached

FORM B6B (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor      Case No. _____
                                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *Cash* | | $ 20 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking: Bank One*  *Savings: Bank One* | | $ 100  $ 100 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Misc used household goods and furnishings* | | $ 1,000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | *Misc used personal items* | | $ 300 |
| 6. Wearing apparel. | | *Misc used personal clothing* | | $ 200 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.   Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds.  Give particulars. | X | | | |

FORM B6B (6/90) Specialty Software, Royal Oak, MI

In re **Karen L. Granderson** _____ / Debtor      Case No. _____

(If known)

# SCHEDULE B-PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | | Current Market Value of Debtor's interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | | Husband—H Wife—W Joint—J Community—C | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | *1997 Olds Aurora* | | $ 6,700 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __2__ of __2__

Total → $ 8,420

(Report total also on Summary of Schedules)

FORM B6C (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor    Case No. _____
(if known)

# SCHEDULE C-PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| _19502 Lake Shore Dr Lynwood IL_ | _735 ILCS 5/12-901_ | $ 7,500 | $ 80,000 |
| _Cash_ | _735 ILCS 5/12-1001(b)_ | $ 20 | $ 20 |
| _Checking: Bank One_ | _735 ILCS 5/12-1001(b)_ | $ 100 | $ 100 |
| _Savings: Bank One_ | _735 ILCS 5/12-1001(b)_ | $ 100 | $ 100 |
| _Misc used household goods and furnishings_ | _735 ILCS 5/12-1001(b)_ | $ 1,000 | $ 1,000 |
| _Misc used personal items_ | _735 ILCS 5/12-1001(a)_ | $ 300 | $ 300 |
| _Misc used personal clothing_ | _735 ILCS 5/12-1001(a)_ | $ 200 | $ 200 |
| _1997 Olds Aurora_ | _735 ILCS 5/12-1001(c)_ | $ 0 | $ 6,700 |
|  | _735 ILCS 5/12-1001(b)_ | $ 0 |  |

FORM B6D (6/90) Specialty Software, Royal Oak, MI

_____ / Debtor   Case No. _____
                                              (If known)

In re _Karen L. Granderson_

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| | | H - Husband  W - Wife  J - Joint  C - Community | | | | $ 11,127.00 | $ 4,427.00 |
| Account No. 409368313  Creditor #: 1  AmeriCredit Financial  Attn Bankruptcy Dept  PO Box 78143  Phoenix AZ. 85062-8143 | | 2001  Purchase Money Security  1997 Olds Aurora  Pay INSIDE The Plan  Value: $ 6,700.00 | | | | $ 500.00 | $ 0.00 |
| Account No.  Creditor #: 2  Gloria Jackson  Lake Lynwood Condo Association  10502 Lake Shore Dr  Lynwood IL. 60411 | | 2004  Association Fee Arrear  19502 Lake Shore Dr Lynwood IL  Association Arrears Paid INSIDE The Plan  Value: $ 80,000.00 | | | | $ 68,922.00 | $ 0.00 |
| Account No. 0005152839  Creditor #: 3  Option One Morgage  Attn Bankruptcy-Forelose Dept  PO Box 92103  Los Angeles CA. 90009-2103 | | 2001  Mortgage  19502 Lake Shore Dr Lynwood IL  Debtor residence  Current Payment OUTSIDE The Plan  Value: $ 80,000.00 | | | | $ 3,000.00 | $ 0.00 |
| Account No. 0005162839  Creditor #: 4  Option One Morgage  Attn Bankruptcy-Forelose Dept  PO Box 92103  Los Angeles CA. 90009-2103 | | 2004  Mortgage Arrears  19502 Lake Shore Dr Lynwood IL  Arrears Paid INSIDE The Plan  Value: $ 80,000.00 | | | | $ 0.00 | $ 0.00 |
| Account No. 0005162839  Creditor #: 5  Option One Morgage  Attn Bankruptcy-Forelose Dept  3 Ada  Irvine CA. 92618 | | Notice  19502 Lake Shore Dr Lynwood IL  Notice to other location  Value: $ 80,000.00 | | | | | |

_No_ continuation sheets attached

Subtotal $ (Total of this page)     83,549.00

Total $ (Use only on last page and on Summary of Schedules)     83,549.00

FORM B6E (4/98) West Group, Rochester, NY

In re *Karen L. Granderson*                                        / Debtor    Case No. _____

(If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS

☐   **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's  business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐   **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐   **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐   **Deposits by individuals**
Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐   **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

*Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

*No*    continuation sheets attached

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor    Case No. _____

(If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H—Husband W—Wife J—Joint C—Community | | | | |
| Account No.  219 | | | | | | $ 350.00 |
| Creditor #: 1 AmeriCash Loans Attn Collection Dept 17340 Torrence Ave Lansing IL. 60438 | | 2004 Loan | | | | |
| Account No.  105231864 | | | | | | $ 946.00 |
| Creditor #: 2 Brinks Home Security Attn Collection Dept PO Box 660418 Dallas TX. 75260-0418 | | 2003 Unsecured Claim | | | | |
| Account No.  116105412 | | | | | | $ 300.00 |
| Creditor #: 3 Caine & Weiner Acct: Ice Mountain PO Box 8500 Van Nuys CA. 91409-8500 | | 2004 Collection | | | | |
| Account No.  11 50096 8653 6 | | | | | | $ 0.00 |
| Creditor #: 4 CitiCard-Sears Attn Bankruptcy Dept PO Box 182532 Columbus OH. 43218-2532 | | 2000-03 Notice | | | | |
| Account No.  PlateSLC690 | | | | | | $ 150.00 |
| Creditor #: 5 City of Chicago Parking Bureau Attn Bankruptcy Dept 333 S. State St.  Room 540 Chicago IL. 60604 | | 2003 Parking Ticket | | | | |

___2___ continuation sheets attached

Subtotal $ (Total of this page) | $ 1,746.00

Total $ (Use only on last page and on Summary of Schedules)

FORM B6F (8/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor     Case No. _____

(If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| | | H—Husband W—Wife J—Joint C—Community | | | | | | |
| Account No. 1370138016 | | | | | | | | $ 520.00 |
| Creditor #: 6 Commonwealth Edison Attn Bankruptcy Dept 2100 Swift Dr Oak Brook IL. 60523 | | 2003-04 Utility bills | | | | | | |
| Account No. 4227093713777190 | | | | | | | | $ 1,200.00 |
| Creditor #: 7 Cross Country Bank PO Box 310711 Boca Raton FL.  33431-0711 | | 2000-03 Credit card purchases | | | | | | |
| Account No. 5770 9150 2412 2763 | | | | | | | | $ 1,800.00 |
| Creditor #: 8 First Consumer Bank-Ed Bauer Attn Collection Dept PO Box 5811 Hicksville NY. 11802 | | 2000-03 Credit card purchases | | | | | | |
| Account No. 50 2412 276 3 | | | | | | | | $ 1,300.00 |
| Creditor #: 9 First Consumer National Bank Acct: Eddie Bauer 9310 SW Gemini Dr. Beaverton OR. 97078-0001 | | 2000-03 Credit card purchases | | | | | | |
| Account No. 200300399274 | | | | | | | | $ 75.00 |
| Creditor #: 10 Ingalls Hospital PO Box 75608 Chicago IL. 60675-5608 | | 2003 Medical bills | | | | | | |
| Account No. 803144 80552 | | | | | | | | $ 275.00 |
| Creditor #: 11 Jewel Foods Attn Collection Dept PO Box 1488 Melrose Park IL. 60160 | | 2003 Unsecured Claim | | | | | | |
| Account No. 5189131004781618 | | | | | | | | $ 0.00 |
| Creditor #: 12 Law Office of Davis & Davis Acct: Providian Card 650 Washington Blvd. #510 Pittsburgh PA. 15228-2702 | | 2004 Notice to collector | | | | | | |

Sheet no. ___1___ of ___2___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)     $ 5,170.00

Total $
(Use only on last page and on Summary of Schedules)

FORM B6F (8/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor    Case No. _____
                                                                    (If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No. 694844 <br> Creditor #: 13 <br> Municipal Collection Service <br> Acct: Village of Lansing <br> PO Box 666 <br> Lansing IL. 60438 | | 2004 <br> Collection | | | | $ 250.00 |
| Account No. 4227093713666190 <br> Creditor #: 14 <br> NCO Financial Collection <br> Attn: Cross Country Visa <br> PO Box 41457 <br> Philadelphia PA. 19101-1457 | | 2004 <br> Notice to collector | | | | $ 0.00 |
| Account No. CL07 67571 0001 <br> Creditor #: 15 <br> Payday Loan Store <br> 16909 S. Torrence <br> Lansing IL. 60438 | | 2003 <br> Loan | | | | $ 450.00 |
| Account No. 5189131004781618 <br> Creditor #: 16 <br> Providian Bank <br> PO Box 9539 <br> Manchester NH. 03108-9539 | | 2000-03 <br> Credit card purchases | | | | $ 1,650.00 |
| Account No. 11 50096 80653 6 <br> Creditor #: 17 <br> Sears <br> PO Box 182149 <br> Columbus OH. 43218-2149 | | 2003 <br> Credit card purchases | | | | $ 500.00 |
| Account No. 20079624 <br> Creditor #: 18 <br> TTI National <br> Attn Collection Dept <br> 20855 Stone Oak Parkway <br> San Antonio TX. 78258 | | 2003 <br> Insurance premiium | | | | $ 133.00 |
| Account No. | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal $ <br> (Total of this page) | $ 2,983.00 |
| Total $ <br> (Use only on last page and on Summary of Schedules) | $ 9,899.00 |

FORM B6G (6/90) Specialty Software, Royal Oak, MI

In re **_Karen L. Granderson_** _____ / Debtor   Case No. _____

(If known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

FORM B6H (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor    Case No. _____

(If known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

FORM B6I (6/90) Specialty Software, Royal Oak, MI

In re *Karen L. Granderson* _____ / Debtor    Case No. _____
                                                                    (If known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled spouse must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| *Divorced* | NAMES | AGE | RELATIONSHIP |
| | *Kyle* | *14* | *Son* |
| | *Corrine* | *27* | *Daughter* |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Pragroam Assistant* | |
| Name of Employer | *Ingalls Hospital* | |
| How Long Employed | *6 years* | |
| Address of Employer | *One Ingalls Dr* *Harvey IL. 60426* | |

| Income: (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | *2,656.33* | $ | |
| Estimated Monthly Overtime | $ | *0.00* | $ | |
| SUBTOTAL | $ | *2,656.33* | $ | |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll Taxes and Social Security | $ | *372.67* | $ | |
| b. Insurance | $ | *238.33* | $ | |
| c. Union Dues | $ | *0.00* | $ | |
| d. Other (Specify): | $ | *0.00* | $ | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | *611.00* | $ | |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | *2,045.33* | $ | |
| | | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | *0.00* | $ | |
| Income from Real Property | $ | *0.00* | $ | |
| Interest and dividends | $ | *0.00* | $ | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | *0.00* | $ | |
| Social Security or other government assistance Specify: | $ | *0.00* | $ | |
| Pension or retirement income | $ | *0.00* | $ | |
| Other monthly income Specify: *Part time job (Best Buy)* | $ | *650.00* | $ | |
| TOTAL MONTHLY INCOME | $ | *2,695.33* | $ | |

TOTAL COMBINED MONTHLY INCOME    $    *2,695.33*
(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J (6/90) Specialty Software, Royal Oak, MI

In re _Karen L. Granderson_ _____ / Debtor   Case No. _____
                                                              (If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 617.00 |
| Are real estate taxes included?  Yes ☐   No ☒ | |
| Is property insurance included?  Yes ☐   No ☒ | |
| Utilities: Electricity and heating fuel  . . . . . . . . . . . . . . | $ 100.00 |
| Water and sewer | $ 0.00 |
| Telephone | $ 60.00 |
| Other  _Real estate tax ($2200 yearly)_ | $ 185.00 |
| Other  _Homeowner Association_ | $ 100.00 |
| Other | $ 0.00 |
| Home maintenance (repairs and upkeep) . . . . . . . . . . . | $ 25.00 |
| Food | $ 600.00 |
| Clothing  . . . . . . . . . . . . . . . . . . . . . . . | $ 100.00 |
| Laundry and Dry cleaning | $ 10.00 |
| Medical and Dental expenses  . . . . . . . . . . . . . . | $ 15.00 |
| Transportation (not including car payments) | $ 180.00 |
| Recreation, clubs, and entertainment, newspapers, magazines, etc. . . . . . . . . | $ 40.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's  . . . . . . . . . . . . . . | $ 0.00 |
| Life | $ 0.00 |
| Health  . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| Auto | $ 100.00 |
| Other: _Auto upkeep & repair_ | $ 35.00 |
| Other: | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
| Specify: | $ 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto  . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others  . . . . . . . . . . . | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement)  . . . . . . . . | $ 0.00 |
| Other:  _Personal care items and grooming_ | $ 30.00 |
| Other:  _Newspapers, subscriptions and misc_ | $ 40.00 |
| Other: | $ 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,237.00 |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | $ 2,695.33 |
| B. Total projected monthly expenses | $ 2,237.00 |
| C. Excess Income (A minus B) | $ 458.33 |
| D. Total amount to be paid into plan each:  _Monthly_ | $ 455.00 |

Form 7 (12/94) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Case No.
Chapter   13

In re *Karen L. Granderson*

_____ / Debtor

Attorney for Debtor: *Richard S. Bass*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

1. **Income from employment or operation of business.**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**AMOUNT**          **SOURCE (if more than one)**
*Debtor*
Year to date:*$8,500.00*
   Last year:*$40,000.00*
Year before:*$40,000.00*

2. **Income other than from employment or operation of business.**
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Form 7 (12/94) Specialty Software, Royal Oak, MI

**3a. Payments to creditors.**
List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**3b.** List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4a. Suits and administrative proceedings, executions, garnishments and attachments.**
List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**5. Repossessions, foreclosures and returns.**
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6a. Assignments and receiverships.**
Describe any assignment of property for the benefit of creditors within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**7. Gifts**
List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**8. Losses**
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

Form 7 (12/04) Specialty Software, Royal Oak, MI

**9. Payments related to debt counseling or bankruptcy.**
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR (if other than debtor) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Payee: Richard S. Bass | Date: | $ 150.00 |
| Address: 2021 Midwest Rd. | Payor: Karen L. Granderson | |
| Oak Brook, IL. 60521 | | |

**10. Other transfers**
List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**11. Closed financial accounts**
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes**
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**13. Setoffs**
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person**
List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**
If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

Form 7 (12/94) Specialty Software, Royal Oak, MI

**The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.**

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

**16. Nature, location and name of business**

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

☒ NONE

---

**17a. Books, records and financial statements**

List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ NONE

---

**17b.** List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

---

**17c.** List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☒ NONE

---

**17d.** List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

☒ NONE

---

**18a. Inventories**

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

---

**18b.** List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

---

**19a. Current Partners, Officers, Directors and Shareholders**

If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

---

**19b.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ NONE

---

**20a. Former partners, officers, directors and shareholders.**

If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

**20b.** If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**21. Withdrawals from a partnership or distribution by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other prerequisite during one year immediately preceding the commencement of this case.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____3/13/04_____        Signature X _Karen L. Granderson_
                                                        Karen L. Granderson

Date _____        Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

FORM B6 (6/90) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT of ILLINOIS
## EASTERN DIVISION

In re *Karen L. Granderson*

Case No.
Chapter  *13*

_____ / Debtor

Attorney for Debtor: *Richard S. Bass*

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedule D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $ 80,000.00 | | |
| B-Personal Property | *Yes* | *2* | $ 8,420.00 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $ 83,549.00 | |
| E-Creditors Holding Unsecured Priority Claims | *Yes* | *1* | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *3* | | $ 9,379.00 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $ 2,695.33 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $ 2,237.00 |
| Total Number of Sheets in All Schedules ► | | *13* | | | |
| Total Assets ► | | | $ 88,420.00 | | |
| Total Liabilities ► | | | | $ 92,928.00 | |

FORM B6 (6/90) Specialty Software, Royal Oak, MI

In re *Karen L. Granderson* _____ / Debtor    Case No. _____
                                                                    (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of ___13___ sheets, and that they are true and correct to the best of my knowledge, information and belief.                              (Total shown on summary page plus 1)

Date: _____3/13/04_____        Signature _____Karen L. Granderson_____
                                             *Karen L. Granderson*

Date: _____          Signature _____

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §152 and §3571.

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7:  Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to the priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11:  Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12:  Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

X _Karen Grandeson_                    3-13-04

Debtor's Signature                    Date                              Case Number